IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

ABBAS BEIRAMLOEI AND ARMIN BEIRAMLOEI,

     Petitioner,

     v.                                  Case No. 1:26-cv-02253 KWR-JHR

TODD BLANCHE, *Attorney General of the United States,*
MARKWAYNE MULLIN*, Secretary of the Department*
*of Homeland Security,* DAVID VENTURELLA, *Acting Director of*
*U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director*
*for Detention and Removal, and*
WARDEN, *Torrance County Detention Facility*,

     Respondents.

### ORDER GRANTING IN PART HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioners' Petition for Writ of Habeas Corpus (**Doc. 2**). Petitioners are subject to a final order of removal and have been in detention pending their removal from the country under 8 U.S.C. § 1231 for approximately nine months. Petitioners assert there is not a significant likelihood of their removal in the reasonably foreseeable future, and they should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court concludes that Petitioners are entitled to release because they are detained without a significant likelihood of removal in the reasonably foreseeable future in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to immediately release Petitioners.

**BACKGROUND**

Petitioners are citizens of Iran. They are in ICE custody at the Torrance County Detention Facility in New Mexico. On October 19, 2025, Petitioners were ordered removed but were granted withholding of removal to Iran. The removal order became final on November 19, 2025. Approximately nine months have passed since the removal order became final.

Petitioners assert in part that their detention violates *Zadvydas*. Petitioner asserts that their removal is not significantly likely in the reasonably foreseeable future because their removal to Iran is withheld and Respondents have not found a third country willing to accept them. Petitioners notes that ICE cannot remove them to Iran due to the withholding of removal, all third-party countries contacted, including Spain, Canada, Brazil, and Australia have rejected them, and they do not possess travel documents for any other country. Doc. 2 at 6.

Respondents acknowledge that each third country contacted – Canada, Spain, Brazil, and Australia- have refused Petitioners entry. Doc. 6-1 at 4. Respondents acknowledge that the timeline to remove Petitioners is unknown. *Id.* Currently, they have not identified a third country that will accept Petitioners. *Id.*

In sum, all contacted third countries have refused to accept Petitioners. The immigration judge withheld removal to Iran. Respondents admit that "the anticipated timeline to remove both Petitioners is currently unknown." Doc. 6-1 at 4.

**LEGAL STANDARD**

Petitioners seek release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner

who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

### I.    The Court grants Petitioners' *Zadvydas* claim.

Petitioners assert that their removal from the country is not significantly likely in the reasonably foreseeable future in violation of *Zadvydas*. Petitioners made an initial showing that their removal was not significantly likely in the reasonably foreseeable future. As explained below, the burden shifted to Respondents to show that their removal is significantly likely in the reasonably foreseeable future to a third country. Respondents failed to make such a showing, and therefore Petitioners are entitled to immediate release under *Zadvydas*.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in

the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Here, Petitioners' removal order became final on November 19, 2025, when the appeal period expired. 8 C.F.R. § 1241.1; Doc. 6-1 at 2. Therefore, approximately nine months have passed since a final order of removal was entered.

Petitioners provided good reason to believe that there is not a significant likelihood of removal in the reasonably foreseeable future. Petitioners' order of removal became final in November 2025, and approximately nine months have passed since the order of removal became final. Petitioners assert that removal to Iran was withheld. They also assert that no third country has accepted them, and Spain, Canada, Brazil, and Australia have refused their entry. Thus, Petitioners have shown good reason to believe there is not a significant likelihood of removal in the reasonably foreseeable future.

After a petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the respondents to rebut the showing. *Zadvydas*, 533 U.S. at 701. Respondents must provide "evidence" in rebuttal. *See id.*

Respondents assert they have attempted to identify a third country that would accept Petitioners. Respondents assert that Canada, Brazil, Spain, and Australia have declined to accept both Petitioners. Respondents have not stated that they have contacted any other third country. They do not point to anything in the record to suggest that any other third country would accept Petitioners. They have also not pointed to any travel document, scheduled deportation, or anything else to suggest that removal is significantly likely in the reasonably foreseeable future. In sum, all contacted third countries have refused to accept Petitioners. The immigration judge withheld

removal to Iran. Respondents admit that "the anticipated timeline to remove both Petitioners is currently unknown." Doc. 6-1 at 4.

Therefore, for the reasons stated herein, the Court concludes that Respondents have not established that there is a significant likelihood of removal in the reasonably foreseeable future.

Finally, Petitioners request that the Court enjoin Respondents from removing them to a third country without notice and an opportunity to seek relief from removal to that third country. Petitioners have not asserted facts demonstrating that Respondents are attempting to, or will, remove them to a third country without notice or opportunity to seek relief from removal. For example, Petitioners did not assert that they asserted a fear-based claim as to removal to Spain, Brazil, Australia, or Canada, and Respondents refused to give them process prior to their removal. The Court declines to issue a ruling on a hypothetical scenario or issue an advisory opinion.

If Petitioners seek attorney's fees, they should file an appropriate application following the procedures under the EAJA.

### CONCLUSION

As explained above, the Court concludes that Petitioners are entitled to release under *Zadvydas*, as they have been detained for over six months without a significant likelihood of removal in the reasonably foreseeable future. Therefore, Petitioners shall be immediately released under appropriate conditions of supervision. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioners' Petition (Doc. 2) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioners with appropriate conditions of supervision.

5

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE